**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AURORA HERNANDEZ,

     Plaintiff,

                            Case No: _____

v.

AXIS INSURANCE COMPANY,

     Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1333, 1441 and 1446, Defendant, AXIS Insurance Company ("AXIS"), by and through undersigned counsel, hereby removes the above-captioned matter to this Court from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County (the "State Court Action"), and states as follows:

1.     The State Court Action was commenced by Aurora Hernandez ("Plaintiff"), on March 13, 2026 ,with the filing of the instant in the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County (Case No. 2026-005323-CA-01).

2.     AXIS was served with a summons and a copy of the Complaint by the Chief Financial Officer of the State of Florida via electronic delivery on April 27, 2026.

3.     AXIS is the sole Defendant in the State Court Action.  Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon AXIS in the State Court Action is attached hereto as Exhibit "A."

4.     The Complaint alleges that AXIS failed to pay Plaintiff for all insurance proceeds allegedly due under an "insurance policy issued by [AXIS] to Plaintiff" after Plaintiff allegedly "sustained a loss of her Vessel." *See* Complaint, Ex. A, ¶¶ 7, 8.  The Complaint consists of five

causes of action: (1) breach of contract; (2) fraudulent inducement; (3) declaratory relief; (4) breach of section 624.155, Florida Statutes; (5) petition for mediation or alternative dispute resolution.

**JURISDICTION**

### I.   Diversity of Citizenship

5.      AXIS and Plaintiff are citizens of different states for purposes of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

6.      AXIS is an Illinois corporation with its principal place of business in Georgia. Attached as Exhibit "B" is a true and correct copy of a publicly available record from the website of the Illinois Department of Insurance (www2.illinois.gov/sites/insurance).  Also attached as Exhibit "C" is a true and correct copy of a publicly available record from the website of the Florida Office of Insurance Regulation (www.floir.com).  These records confirm that AXIS is incorporated in Illinois and maintains its principal place of business at 10000 Avalon Boulevard, Suite 200, Alpharetta, GA 30009.

7.      Plaintiff is a citizen of Florida.  The Ancient Mariner Policy, which forms the basis of Plaintiff's Complaint  lists Plaintiff's address as 10221 SW 161 Pl, Miami, FL 33196. *See* Ancient Mariner Policy, attached hereto as Exhibit "D."

8.      "In determining domicile, a court should consider both positive evidence and presumptions." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349 (M.D.Fla. 2001). "One such presumption is that the state in which a person resides at any given time is also that person's domicile." *Id*.

9.      Additionally, Plaintiff is the registered agent of 305 Charter Boats, LLC, which lists 10221 SW 161 Pl, Miami, FL 33196 as the address associated with Plaintiff.  A true and correct copy of the State of Florida Division of Corporation is attached hereto as Exhibit "E."

10.      Fla. Stat. §605.0113(1)(b)(1) states that a registered agent must be an individual who resides in the State of Florida.

11.      Based on the above, namely that AXIS is a citizen of the State of Illinois and Plaintiff is a citizen of the State of Florida, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## II.    Amount in Controversy

12.      The amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000, as set forth in 28 U.S.C. § 1332.

13.      While the Complaint does not seek a sum certain, it alleges that "[t]his is an action for damages in excess of $50,000.00, exclusive of interest and costs…." *See* Ex. A, Complaint, ¶1.

14.      The Ancient Mariner Policy that forms the basis of this lawsuit includes a property limit of liability of $65,000. *See* Exhibit "D."  AXIS has not issued payment in connection with the loss alleged in Plaintiff's Complaint.  See Exhibit "A," ¶22.

15.      Moreover, Plaintiff is seeking attorneys' fees and costs from AXIS in this action (*See* Ex. A, Complaint at ¶ 40 and the "Wherefore" clauses), which must also be considered in determining the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); Fla. Stat. § 627.428 (authorizing the recovery of attorneys' fees against an insurer upon the rendition of a judgment or decree in favor of any named or omnibus insured under a policy or contract executed by the insurer).

16.     Amount in controversy for exercise of diversity jurisdiction is satisfied unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

17.     Here, taking into account that the Ancient Mariner Policy presents a limit of $65,000, AXIS has not yet issued payment in connection with Plaintiff's loss, and Plaintiff is seeking attorney's fees and costs, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold of this Court.

## III.  <u>Federal Question Jurisdiction</u>

18.     Notwithstanding, this Court also has original admiralty jurisdiction over this case pursuant to 28 U.S.C. §1333(1).

19.     Plaintiff filed a Civil Remedy Notice of Insurance Violations (the "Notice") on March 13, 2026, identified by number 871028.  The Notice identifies the "Type of Insurance" as an Ancient Mariner Policy.  A true and correct copy of the Notice is attached hereto as Exhibit "F"; see also Exhibit "D."

20.     "Marine insurance contracts qualify as maritime contracts, which fall within federal courts' admiralty jurisdiction and are governed by maritime law." *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135 (11th Cir. 2019); *see also New England Mut. Marine Ins. Co. v. Dunham*, 78 U.S. (11 Wall.) 1,4-6, 20 L.Ed. 90 (1870).

21.     Because the Notice indicates that the policy at issue is an Ancient Mariner Policy, the contract at issue is a maritime contract, subject to maritime law principles. *See Shackleford*, 945 F.3d 1135.

22.     Additionally, Plaintiff clearly invokes federal maritime law in Paragraphs 36, 43, 45, 46, 70, 75, 82, 85, and the WHEREFORE clause of Count II  in its reference to the doctrine of

*uberrimae fidei. See* Complaint, Exhibit "A"; and, *HIH Marine Services, Inc. v. Fraser*, 211 F.3d 1359, 1362, 2000 A.M.C. 1817 (11th Cir. 2000)(holding "it is well settled law that the marine insurance doctrine of *uberrimae fidei* is the controlling law of the [Eleventh Circuit]" with respect to maritime contracts and claims even in the face of contract state authority); *see also*, *Quintero v. GEICO Marine Ins. Co.*, 983 F.3d 1264, 1264 (11th Cir. 2020).

23.     Therefore, this case is removable under 28 U.S.C. §1333 and §1441(a).

## TIMELINESS OF REMOVAL

24.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), because it is being filed within thirty (30) days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon AXIS, i.e., April 27, 2026.

25.     Additionally, this Notice of Removal is being filed within one (1) year from the commencement of the State Court Action, March 13, 2026, and therefore meets the timeliness requirement set forth in 28 U.S.C. § 1446(c)(1).

26.     In sum, because diversity of citizenship exists as between AXIS on the one hand, and Plaintiff on the other; the amount in controversy exceeds $75,000; the policy at issue in this action is a maritime contract, subject to maritime law principles; and the Complaint refers to the doctrine of *uberrimae fidei*, which is the controlling federal rule in maritime actions, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331, 1332, 1333, and 1441.

27.     The United States District Court for the Southern District of Florida encompasses the place where the State Court Action is pending.  Accordingly, this Court is the proper federal venue for this action.

28.     No previous application has been made for the relief requested herein.

29.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

**WHEREFORE**, AXIS Insurance Company respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

Dated: May 18, 2026

Respectfully submitted,

**ZELLE LLP**
*Counsel for Defendant*
110 East Broward Blvd, Suite 2000
Ft. Lauderdale, FL 33301
Tel:  786-693-2350
Fax:  612-336-9100

By: */s/ Christine M. Renella*
**CHRISTINE M. RENELLA**
Florida Bar. No. 65485
crenella@zelle.com
**GIORGIA RIVASI**
Florida Bar No. 1031470
grivasi@zellelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Christine M. Renella*
      **CHRISTINE M. RENELLA**

## SERVICE LIST

David Avellar Neblett, Esq.
James M. Mahaffey III, Esq.
NEBLETT LAW GROUP
2550 South Bayshore Drive, Suite 211
Miami, FL 33133
david@neblettlaw.com
james@neblettlaw.com
terry@neblettlaw.com
service@neblettlaw.com