**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AURORA HERNANDEZ,

      Plaintiff,

                                  Case No: 1:26-cv-23499-KMW

v.

AXIS INSURANCE COMPANY,

      Defendant.

_____/

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendant, AXIS Insurance Company ("AXIS"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) respectfully submits this Motion to Dismiss the Plaintiff's Complaint and Incorporated Memorandum of Law.

This lawsuit involves a first-party property action brought by Aurora Hernandez (the "Plaintiff") against her insurer, AXIS, alleging damage to a 2006 26' Sailfish 266 CC (the "Vessel"). First, the Complaint, as drafted, fails to include any detailed information about the alleged loss including (1) the date of loss, (2) a description of the loss, (3) the claim number assigned by AXIS, (4) the policy number under which Plaintiff seeks coverage, (4) whether the alleged loss fell within the policy period, and (5) any provision of the policy under which Plaintiff seeks coverage.[1] Instead, the Complaint exclusively alleges that Plaintiff "sustained a loss of her Vessel." *See* Complaint, ¶ 7. This alone is insufficient to advise AXIS of the nature of the claim for which coverage is being sought.

---

[1] Likewise, Plaintiff failed to attach a copy of the Policy to the Complaint.

Despite this, AXIS believes that the "loss" relates to the theft of a Vessel reported to AXIS on March 1, 2021 as having occurred on February 19, 2021. Accordingly, this action is barred by Florida Statute §95.11(2)(b), which states that a legal action on a contract must be commenced within five years from the date of the loss.[2]

Notwithstanding, and assuming arguendo that the statute of limitations had not expired (which it has), Counts II to V of the Complaint must be dismissed, and the allegations in Paragraphs 17, 18, 20, 21, 22, 23, 24, 26, 27, 28 and 36 must be stricken, as untimely, improperly pled, or not recognized under Florida law.

## FACTUAL BACKGROUND

### I. The Instant Lawsuit

On March 13, 2026, Plaintiff commenced this action by filing a five count Complaint against AXIS including counts for (1) breach of contract; (2) fraudulent inducement; (3) declaratory relief; (4) breach of section 624.155, Florida Statutes; and (5) petition for mediation or alternative dispute resolution. *See* Complaint.   The Complaint alleges that "[d]uring the applicable policy period, Plaintiff, AURORA HERNANDEZ, sustained a loss of her Vessel." *See* Complaint, ¶ 7. The Complaint also alleges that AXIS failed to assign a claim number, canceled the policy, failed to adjust the claim and/or make sufficient payment, failed to comply with Plaintiff's demands for payment and failed to send an adjuster to properly adjust the loss." *See* Complaint, ¶¶ 9, 10, 17, 18, 20, 24. Further, the Complaint alleges that AXIS made false or untrue statements as to the coverage afforded under the policy resulting in a fraud that occurred on the date the policy became effective or on the date the declarations page was issued. *See* Complaint, ¶¶ 48, 50, 51, 55. Finally, the Complaint alleges that Plaintiff provided AXIS with notice of its alleged breaches

---

[2] The five-year statute of limitations ran on February 19, 2026.

of the Policy, including claims handling issues and AXIS refused to cure same. *See* Complaint, ¶ 36.

**LEGAL STANDARD FOR EVALUATING A MOTION TO DISMISS**

A Rule 12(b)(6) motion to dismiss for failure to state a claim should prevail if, after the complaint's allegations are taken as true and all reasonable inferences are made in favor of the nonmoving party, the nonmoving party cannot prove facts supporting its claim. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).  In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *See* Fed. R. Civ. P. 8; *see also Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007), *citing and quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Florida Supreme Court has nevertheless held that in order for a claim to be legally sufficient, ***the plaintiff must plead ultimate facts to support each element of the cause of action asserted***. *See Eastern Airlines, Inc. v. King*, 557 So. 2d 574 (Fla. 1990).  Stated another way, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Stephens*, 500 F.3d at 1282, *quoting Twombly*, 550 U.S. at 557.  Importantly, legal conclusions and other unsupported conclusions stated in a complaint may not be considered in determining a motion to dismiss. *Stephens*, *supra*.

The U.S. Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) is equally instructive. *Iqbal* reiterates that a claim is not sufficiently pled if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations

3

contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering insurance coverage disputes, courts routinely dismiss complaints for failure to state a claim when a review of the insurance policy and the underlying claim for which coverage is sought unambiguously reveals that the claim is not covered. *See, e.g., Zodiac Group, Inc. v. Axis Surplus Ins. Co.*, 542 Fed. App'x 844, 848 (11th Cir. 2013) (affirming dismissal of complaint because the "plain language of the Policy precluded coverage" for the underlying claim).  Furthermore, under the pleading standard provided by Fed. R. Civ. P. 8(a)(2), a plaintiff does not need to provide "detailed factual allegations," but the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007); *see also Iqbal*, 556 U.S. at 676-78.  A plaintiff does not need to prove his case at the initial pleading stage, but must allege factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556.

## ARGUMENT

### I.   This Action is Barred Under Florida Statute §95.11(2)(b)

Florida Statute §95.11 limits the time period to bring an action on a contract to five years. Fla. Stat. §95.11(2).  The Statute further clarifies that in an action for breach of a property insurance contract, the limitation period runs from the date of the loss. Fla. Stat. §95.11(2)(e).  In *View West Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, Case No. 11-20423-CIV, 2011 WL 3704782 (S.D. Fla. 2011), the Southern District dismissed plaintiff's complaint, finding that on a claim for breach of a property insurance contract, "the limitations period unequivocally runs from the date of the loss."  The court determined that the date of the loss was August 25, 2005, and that plaintiff filed the lawsuit on October 23, 2010.  Therefore, applying Fla. Stat. §95.11, the court found that

plaintiff brought its Hurricane Katrina claim more than five years after the date of the loss, and therefore, the claim was barred by the statute of limitations.

Given the scant and insufficient information alleged by Plaintiff in the Complaint, AXIS is effectively forced to speculate as to what loss Plaintiff may be referring to.   Based on a review of AXIS's only claim file related to Plaintiff, AXIS believes that Plaintiff's Complaint relates to a loss that occurred on February 19, 2021, after Plaintiff's Vessel was allegedly stolen.  The loss as reported to AXIS occurred on February 19, 2021.  Notwithstanding, this Complaint was filed on March 13, 2026, i.e., more than five years after the Loss occurred, effectively barring the instant lawsuit under Fla. Stat. §95.11.

## II.   The Complaint is Insufficient Because it Lacks Ultimate Facts Related to the Loss

Federal Rule of Civil Procedure 8(a)(2) states that a pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, the "[r]equirement that [the] pleading contain a short and plain statement of claim … demands more than unadorned 'the defendant unlawfully harmed me' accusation." *Iqbal*, 556 U.S. at 662.

To survive a "motion to dismiss, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *SA Palm Beach LLC v. Certain Underwriters at Lloyd's, London*, 506 F. Supp. 3d 1248, 1251 (S.D. Fla 2020).  Florida law places the initial burden on an insured seeking to recover under an all-risk policy of proving that a loss occurred. *Id*.  At this stage of the litigation, therefore, Plaintiff must sufficiently allege that the loss is covered under the Policy. *See Id*. at 1251-1252.

In *SA Palm Beach*, the Southern District of Florida dismissed plaintiff's amended complaint, finding that the complaint fell short of alleging that plaintiff's property sustained physical damage and was therefore insufficient as a matter of law. *Id*. at 1254.  Specifically, the district court determined that the complaint alleged only that plaintiff "suffered a direct physical loss of [its] property because [it has] been unable to use [its] property for its intended purpose" and that plaintiff "suffered a direct physical loss to the property in the form of diminished value, lost business income" and more. *Id*.  The Southern District granted defendant's motion to dismiss, finding that the allegations in the complaint were insufficient to establish coverage under the policy. *Id*.

Similarly, in *Jaafar Investment Corp. v. Scottsdale Ins. Co.*, Case No. 1:19-cv-21962-JLK, 2019 WL 8014368 (S.D. Fla. 2019), the Southern District of Florida granted defendant's motion to dismiss plaintiff's complaint, finding that the complaint lacked specific facts about the nature and extent of the alleged loss.  Specifically, plaintiff's complaint only alleged that plaintiff's property sustained a loss "on or about" September 10, 2017. *Id*. at *1.  Additionally, while the complaint stated the policy number, it did not attach a copy of the policy and indicated that a copy would be obtained by plaintiff during discovery. *Id*.  The district court concluded that the complaint was insufficient, it did not support the allegations within, did not cite to specific policy provisions, did not attach a copy of the policy and, therefore, did not demonstrate entitlement to relief. *Id*.

That is precisely the case here.  Plaintiff's Complaint alleges that Plaintiff "owned a 2006 26' Sailfish 266 CC"; that "[d]uring the applicable policy period…Plaintiff sustained a loss of her vessel"; that "[t]he damages to the subject property are covered by the insurance policy…"; and that "Plaintiff…requested benefits under the subject policy of insurance as a result of the loss." *See* Complaint, ¶¶ 2, 7, 8, 9.

6

Just like in *SA Palm Beach* and *Jaafar,* Plaintiff's Complaint is completely devoid of material facts related to the alleged loss, including, (1) the date of loss, (2) a description of the loss, (3) the claim number assigned by AXIS, (4) the policy number under which Plaintiff seeks coverage, (4) whether the alleged loss fell within the policy period, and (5) any provision of the policy under which Plaintiff seeks coverage.  And, in fact, the Complaint provides even less facts than the complaints in *Jaafar* and *SA Palm Beach*.  The Complaint is entirely insufficient, and with no ultimate facts that allegedly give rise to the loss, AXIS is left with option but to speculate about the details of the loss in Plaintiff's Complaint.  In light of the above, AXIS respectfully requests that Plaintiff's Complaint be dismissed.

## III.   Counts II Through V Must Be Dismissed

### A. Count II for Fraudulent Inducement Must Be Dismissed Under the Independent Tort Doctrine

Plaintiff brings an action for fraudulent inducement under Count II which must be dismissed under the independent tort doctrine.  The independent tort doctrine bars recovery in tort for actions that challenge a breach of contract, "to prevent plaintiffs from recovering duplicative damages for the same wrongdoing." *Perez v. Scottsdale Ins. Co.*, No. 19-22761-CIV, 2019 WL 5457746 (S.D. Fla. Oct. 24, 2019) (quoting *Kelly v. Lee Cnty. RV Sales Co.*, No. 18-cv-424, 2018 WL 3126750, at *2 (M.D. Fla. June 26, 2018)).  In order to bring a tort claim concurrently with a breach of contract claim, a plaintiff must plead a tortious action that is completely separate from the breach of contract action. *Azure, LLC v. Figueras Seating U.S.A., Inc.*, No. 12-CV-23670-UU, 2013 WL 12093811, at *6 (S.D. Fla. July 18, 2013).  In *Azure*, the court held that causes of action for fraud and misrepresentation could proceed if they were "attended by some additional conduct that [was] not alleged with respect to the breach of contract claim." *Id*.  In fact, Florida law has long held that fraudulent inducement is "a tort independent of a breach of contract claim in that it

7

'*requires proof of facts separate and distinct from the breach of contract.*'" *International Star Registry of Illinois v. Omnipoint Marketing, LLC*, 510 F. Supp. 2d 1015, 1024 (S.D. Fla. 2007) (emphasis added).

Plaintiff's claim for fraudulent inducement alleges that AXIS made false and/or misleading claims in the Policy regarding certain limitations and exceptions to coverage. *See* Complaint, ¶¶ 50, 51, 52, 56. Plaintiff alleges that the fraud "occurred on the date the subject policy became effective or on the date the declarations page was processed," that the misrepresentations induced Plaintiff to purchase a "worthless and illusory policy of insurance" and that the "exception to coverage 'gut' the purpose of the policy and that any policyholder's belief that coverage exists or existed for claims which any reasonable person would believe are covered was simply the product Defendant's and/or its agents sales tactics and misrepresentations." *See* Complaint, ¶¶ 48, 49, 52, 54. Notably, Plaintiff categorically fails to identify any misrepresentation outside the Policy. Further, Plaintiff is clearly seeking the same damages that he is already seeking in the breach of contract claim.

In sum, there is no difference between Plaintiff's breach of contract claim and Plaintiff's claim for fraudulent inducement, as the latter is not independent, separate or distinct from the damages sustained by the alleged breach of the Policy. Because the fraudulent inducement claim is intertwined with the breach of contract claim, and it is not separate and independent, it is barred under the independent tort doctrine and must be dismissed.

**B.** **Count III for Declaratory Relief Must Be Dismissed Because Plaintiff Failed to Establish an Ambiguity in the Policy in Need of This Court's Construction**

The longstanding rule under Florida law is that an action for declaratory judgment cannot be used for the determination of purely factual issues. *Medmarc Cas. Inc. Co. v. Piniero & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011); *Halpert v. Oleksy*, 65 So. 2d 762, 763 (Fla.

8

1953) ("Doubt, because of disputed questions of fact alone, is not sufficient, especially when the only relief sought is damages."). To trigger jurisdiction under the Declaratory Judgment Act, Fla. Stat. §86.011, Plaintiff must show that he is in doubt as to the existence of some right or status and is entitled to have that doubt removed by, at the least, identification of any provision of the insurance contract in doubt and in need of construction. *See Tobon v. Am. Sec. Ins. Co.*, 06-61912-CIV, 2007 WL 1796250 (S.D. Fla. June 20, 2007).

The standard for testing the sufficiency of a declaratory judgment complaint is set forth in *May v. Holley*, 59 So. 2d 636 (Fla. 1952), which requires that, before any declaratory relief should be entertained, [1] it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; [2] that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; [3] that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; [4] that the antagonistic and adverse interests are all before the court by proper process or class representation and [5] that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. *May*, 59 So. 2d at 639 (emphasis added); *see also X Corp. v. Y Pers.*, 622 So. 2d 1098, 1101 (Fla. 2d DCA 1993) ("In this regard, the plaintiff must show a bona fide, actual, present, and practical need for the declaration.") (citing *Platt v. General Dev. Corp.*, 122 So. 2d 48 (Fla. 2d DCA 1960)). A complaint for declaratory relief should be dismissed when the action fails to meet all the elements of *May*. *See Askew v. City of Ocala*, 348 So. 2d 308, 310 n. 6 (Fla. 1977).

Here, Plaintiff fails to allege any facts or circumstances reflecting any ambiguity, meaning, interpretation or applicability of any terms of the Policy. In fact, Plaintiff alleges that "a controversy exists between Plaintiff and Defendant ***concerning the coverage available under the subject policy*** with respect to the loss, costs, or expenses incurred as the result of the subject loss." *See* Complaint, ¶69 (emphasis added). Nowhere in the Complaint does Plaintiff identify any ambiguity in the language, she merely states that "ambiguous terms, provisions, conditions and endorsements" were used to deny coverage. *See* Complaint, ¶70. The Complaint further alleges that Plaintiff "requests this Court to determine and declare Plaintiff's and Defendant's rights, duties and obligations in compliance with *uberrimae fidei* with respect to the loss, costs or expenses incurred as the result of the subject loss under the terms, provisions, conditions and endorsements of the subject policy." *See* Complaint, ¶75. Additionally, the Complaint alleges that Plaintiff "requests this Court to determine Defendant's obligation to adjust the subject loss with Plaintiff, pursuant to the subject policy, contract and the law, equivalent to the standards of adjustment as states by the Legislature, Florida law and the duties of *uberrimae fidei*." See Complaint, ¶82.

Count III is wholly devoid of any specific Policy terms, conditions, limitations, exclusions, or other provisions that Plaintiff is dubious about. On the contrary, Plaintiff asks this Court to interpret the Policy as a whole and determine how the Policy applies to the Loss, effectively using Count III to determine purely factual issues. Plaintiff's alleged "doubt" is also contradicted by its assertion, in Count I, that AXIS has breached the Policy by failing to "fully cover and pay for the damage and/or loss to Plaintiff's property"; "pay for the replacements and/or repairs to be made for other damages covered by contract"; and "disrupting the orderly sequence and time limits for indemnification as planned by the policy of insurance." *See* Complaint ¶¶ 42, 44, 45. Thus,

Plaintiff not only fails to contend that any part of the Policy is ambiguous and in need of construction, but Plaintiff's allegations in Count I assume that the Policy terms are clear and provide coverage for the alleged loss. *Id.* Moreover, Plaintiff's allegations as pled are so vague, that AXIS cannot reasonably be expected to respond.

Additionally, Count III seeks relief that is duplicative of the relief sought in Count I and it has been well established by Florida courts that "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *McIntosh v. Harbour Club Villas Condo. Ass'n*, 468 So. 2d 1075, 1081 (Fla. Dist. Ct. App. 1985) (Nesbitt, J., specially concurring); *see also Taylor v. Cooper*, 60 So. 2d 534, 535-36 (Fla. 1952). And while declaratory judgment claims can coexist with breach of contract claims when they provide a form of relief unavailable under the breach of contract claim, such is not the case here.

In a case analogous to the one before this Court, *Lilia Perez v. Scottsdale Ins. Co.*, No. 19-cv-22346-GAYLES, 2020 WL 607145 (S.D. Fla. Feb. 7, 2020), the court granted insurer's motion to dismiss plaintiff's declaratory judgment claim because plaintiff asked the court to declare the defendant's obligation to adjust all losses with plaintiff. The court reasoned that this went "no further than the breach of contract claim, which would establish the parties' rights and responsibilities regarding adjustment through its resolution." *Id.*, at *2. The court dismissed the declaratory judgment claim because "ruling on [it] would amount to 'an advisory opinion as to the enforceability of a provision in the contract' – 'an improper use of declaratory judgments.'" *Id.*

11

Here, Plaintiff has failed to properly plead a claim for declaratory relief, has failed to identify any term, provision condition or endorsement that requires this Court's interpretation, and is effectively seeking the same relief as Count I.  Accordingly, Count III must be dismissed.

**C. <u>Count IV Must Be Dismissed Because Any Action Based on Section 624.155, Florida Statutes, Is Not Ripe for Adjudication</u>**

In Count IV of the Complaint, Plaintiff brings an action for willful tortious breach of section 624.155, Florida Statutes, which is premature.  The Supreme Court of Florida has held that "[u]nder Florida law, an insurer's liability under an insurance policy must first be established before an insured may assert a claim for bad faith under Section 624.155." *Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991).  Additionally, "[a] section 624.155 action against an insurer for its bad faith failure to settle a claim cannot proceed simultaneously with a coverage action.  That is because an insurer cannot be found liable for such bad faith conduct unless it is first established that the insured was entitled to benefits under the UM policy." *Blanchard*, at 1291.  And the Supreme Court has made clear that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 300, 118  S.Ct. 1257, 140 L.Ed.2d 406 (1998).

As this is a pending coverage action, Plaintiff's Count for willful tortious breach of Section 624.155 IV is not yet ripe for adjudication and must be dismissed, as a bad faith claim cannot proceed if there has not been an adjudication as to liability and damages.

**i. <u>Any Allegations Related to AXIS' Claim Handling Procedures Must Be Stricken</u>**

In addition to the premature bad faith claim, Plaintiff's Complaint includes several allegations of improper claim handling.  Specifically, Plaintiff alleges that "[t]here were numerous

attempts by Plaintiff and/or Plaintiff's agents to get the insurer to adjust the loss and make payments of undisputed amounts." *See* Complaint, ¶ 17.

Plaintiff further alleges:

- "[T]he insurer refused to actively adjust the claim and/or make sufficient payments.  This is not an allegation made pursuant to Section 624.155, Florida Statutes, or alleging bad-faith as this allegation specifically relates to Defendant's duties pursuant to the contract." *See* Complaint, ¶ 18.

- "Defendant failed to properly adjust the loss and/or remit sufficient payment on the subject claim.  This is not an allegation made pursuant to Section 624.155, Florida Statutes, or alleging bad faith as this allegation specifically relates to Defendant's duties pursuant to the contract." *See* Complaint, ¶ 20.

- "Defendant failed to comply with the above-mentioned demands and therefore breached the policy of insurance" and that AXIS "failed to pay a covered claim." *See* Complaint, ¶¶ 21, 22.

- "Defendant failed to send an adjuster or other professional to properly adjust, identify, and examine the loss.  This is not an allegation made pursuant to Section 624.155, Florida Statutes, or alleging bad faith as this allegation specifically relates to Defendant's duties pursuant to the contract." *See* Complaint, ¶24.

- "Defendant disrupted the orderly sequence and time limits for indemnification as planned by the policy of insurance"; that "Defendant made untrue or misleading statements as to the coverage and/or payment afforded under the policy of insurance upon which Plaintiff relied to Plaintiff's detriment"; and that "Defendant made untrue or misleading statements as to Defendant's duties and obligations under the policy and/or the insured's post-loss requirements upon which Plaintiff relied to her detriment." *See* Complaint, ¶¶ 26, 27, 28.

Each of the above-referenced allegations relate to AXIS' handling of the claim and are therefore bad-faith allegations and as discussed above, any claim of bad faith is premature absent a determination of liability or damage. *See Blanchard*, at 1291.  Because any bad faith allegation is not ripe for adjudication and the above-mentioned allegations are immaterial to the breach of contract claim, Paragraphs 17, 18, 20, 21, 22, 23, 24, 26, 27, 28 and 36 must be stricken from the Complaint.

**D. <u>Count V for a Petition for Mediation Must be Dismissed Because It Is Not a Recognized Cause of Action</u>**

Finally, Count V of Plaintiff's Complaint which includes a Petition for Mediation, should be dismissed as this is not a recognized cause of action.  As Judge Scola explained in *Perez v. Scottsdale Ins. Co.*, Ca No. 19-22761-cv-Scola, 2019 WL 5457746 (S.D. Fla. Oct. 24, 2019), petition for mediation "is not a recognized cause of action under federal or state law." *Id*. at *5 (dismissing count for "petition of mediation"); *see also Perez v. Scottsdale Ins. Co.*, Case No. 19-cv-22346-GAYLES, 2020 WL 607145 (S.D. Fla. Feb. 7. 2020) (similarly dismissing count for "petition for mediation" as it is not a recognized cause of action under federal or state law). Interestingly enough, Plaintiff's counsel was also counsel in both the Perez cases cited above, and, therefore, should be on notice that the "petition for mediation" count is not a recognized cause of action under federal or state law.  Despite this, Plaintiff's counsel insists on asserting this frivolous cause of action, which the Court has already determined, on different occasions, is not recognized under applicable law.  Count V for Petition for Mediation must be dismissed.

<b><u>CONCLUSION</u></b>

The Court should dismiss the lawsuit because action is barred under Fla. Stat. §95.11. Notwithstanding, and assuming arguendo that the statute of limitations had not run (which it has), the Court should  dismiss Counts II, III, IV, and V, and strike Paragraphs 17, 18, 20, 21, 22, 23, 24, 26, 27, 28 and 36, as the causes of action and the allegations are either premature, redundant, improperly pled, or not recognized causes of action.

**WHEREFORE**, Defendant, AXIS Insurance Company, respectfully requests that this Honorable Court enter an order granting its Motion to Dismiss Plaintiff's Complaint and any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**ZELLE LLP**
*Counsel for Defendant*
110 East Broward Blvd, Suite 2000
Ft. Lauderdale, FL 33301
Tel:  786-693-2350
Fax:  612-336-9100

By: */s/ Christine M. Renella*
  **CHRISTINE M. RENELLA**
  Florida Bar. No. 65485
  crenella@zellelaw.com
  **GIORGIA RIVASI**
  Florida Bar No. 1031470
  grivasi@zellelaw.com

## SERVICE LIST

David Avellar Neblett, Esq.
James M. Mahaffey III, Esq.
NEBLETT LAW GROUP
2550 South Bayshore Drive, Suite 211
Miami, FL 33133
david@neblettlaw.com
james@neblettlaw.com
terry@neblettlaw.com
service@neblettlaw.com